**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

Eastern District of Kentucky
**F I L E D**

SEP – 6 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**UNITED STATES OF AMERICA**

**V.**                                 INDICTMENT NO. 5:17-CR-104-DCR

**ERIC CHRISTOPHER CONN and
CURTIS LEE WYATT**

\*   \*   \*   \*   \*

**THE GRAND JURY CHARGES:**

**Background**

At all times relevant to this Indictment, unless otherwise stated:

1.     **ERIC CHRISTOPHER CONN ("CONN")** was a resident of Pikeville, Kentucky, and thereafter his whereabouts became unknown. He was an attorney licensed to practice law in Kentucky until March 2017, and practiced law at Eric C. Conn, PSC, of which he was president and the sole shareholder.

2.     **CURTIS LEE WYATT ("WYATT")**, a resident of Raccoon, Kentucky, was an employee of Eric C. Conn, PSC and **CONN**.

***United States v. Eric Christopher Conn*, 5:16-CR-22 (E.D. Ky.) (J. Reeves)**

3.     On April 1, 2016, a federal grand jury returned an indictment, *United States v. Eric Christopher Conn*, 5:16-CR-22 (E.D. Ky.) (J. Reeves), charging **CONN** with eighteen felony violations of federal law; that same day, upon the indictment's return, the

United States District Court for the Eastern District of Kentucky issued a warrant for **CONN's** arrest.

4.     On April 4, 2016, **CONN** was arrested pursuant to the arrest warrant previously issued on April 1, 2016.

5.     On April 7, 2016, a detention hearing was held; after considering the evidence presented, on April 12, 2016, the United States District Court ordered **CONN** released pretrial, subject to compliance with multiple conditions ("Order").

6.     Pursuant to the Order, among other conditions, **CONN** was "placed on home incarceration" and the United States Probation Office ("USPO") was further ordered to "monitor that home incarceration via an active GPS monitoring unit …" ("Monitoring Device").

7.     The Order further detailed that "[d]uring the home incarceration term, [**CONN**] may leave the premises only for reasons preapproved by the USPO" and "[a]ny departure must be on and per a schedule strictly established by [the] USPO."

8.     The Order finally required **CONN** to "appear in person at all court hearings regarding [**CONN**] in this case, as set by any scheduling orders of the Court."

### *United States v. Eric Christopher Conn*, **5:17-CR-43 (E.D. Ky.) (J. Reeves)**

9.     On March 24, 2017, **CONN** was charged in a two-count information, *United States v. Eric Christopher Conn*, 5:17-CR-43 (E.D. Ky.) (J. Reeves), with committing two felony violations of federal law.

2

10.     That same day, and pursuant to a plea agreement, **CONN** pleaded guilty to both counts of the information. In **CONN's** presence, the United States District Court scheduled **CONN's** sentencing hearing for July 14, 2017.

11.     Following his guilty pleas, **CONN** was "released pending sentencing, pursuant to the terms and conditions set forth in the [April 12, 2016] Order," which again ordered **CONN** to be "on home incarceration" and further required him to appear at all court hearings, including his sentencing hearing.

## COUNT 1
### Conspiracy to Escape
### (18 U.S.C. § 371)

12.     The factual allegations contained in paragraphs 1 through 11 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

13.     Beginning in or around June 2016, the exact date being unknown to the Grand Jury, and continuing through in or around June 2017, in Fayette, Floyd, and Pike Counties, in the Eastern District of Kentucky, and elsewhere,

### ERIC CHRISTOPHER CONN and
### CURTIS LEE WYATT

did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with other persons known, including Unindicted Co-Conspirator A, and unknown to the Grand Jury, among themselves and with each other to commit an offense against the United States, to wit: escaping from custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, which custody was based on an arrest on a felony charge, in violation of Title 18, United States Code, Section 751(a).

3

## Manner and Means

14.     During the above-described time period, **CONN, WYATT**, and Unindicted Co-Conspirator A executed the conspiracy by the following manner and means:

a.     **CONN**, through a bank account opened by **WYATT** and controlled by Unindicted Co-conspirator A, transferred money outside the United States;

b.     **WYATT**, at **CONN's** direction, crossed the United States-Mexico border at different locations to assess the security measures in place and identification required at various checkpoints;

c.     **WYATT**, at **CONN's** direction, purchased a vehicle in cash and registered the vehicle in Kalispell, Montana in the name of "Disability Services LLC" for the purpose of facilitating an undetected escape by **CONN**.

## Overt Acts

15.     In furtherance of the conspiracy and to effectuate the objects and purposes of the conspiracy, **CONN, WYATT**, and Unindicted Co-Conspirator A, and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, in addition to others, in the Eastern District of Kentucky, and elsewhere, to escape from custody and aid and assist in that escape:

a.     On or about April 23, 2017, **WYATT**, at **CONN's** direction, exited the United States at the Nogales, Arizona pedestrian checkpoint, and entered Mexico for the purpose of assessing security procedures for individuals exiting the United States and entering Mexico;

4

b.       On or about April 24, 2017, **WYATT**, at **CONN's** direction, exited the United States at the Columbus, New Mexico pedestrian checkpoint, and entered Mexico for the purpose of assessing security procedures for individuals exiting the United States and entering Mexico;

c.       On or about May 10, 2017, **WYATT** purchased a white 2002 Dodge Ram pickup truck ("Suspect Vehicle") from a car seller in Somerset, Kentucky ("Seller"), paying $3,425 in cash;

d.       On or about May 10, 2017, **WYATT** requested the Seller to register the Suspect Vehicle in the name of Disability Services, LLC at an address in Kalispell, Montana;

e.       **CONN** ordered from an online retailer a Faraday bag for the purpose of concealing, blocking, and suppressing the electronic signals sent to or received by **CONN's** Monitoring Device, which shipped on or about May 10, 2017, to **WYATT's** address in Raccoon, Kentucky;

f.       On or about May 17, 2017, **WYATT** downloaded an application to his cellular telephone to test the effectiveness of the Faraday bag;

g.       After returning to the Seller to retrieve the Suspect Vehicle, on or about May 30, 2017, **WYATT** parked the Suspect Vehicle at the city parking garage in Pikeville, Kentucky ("Pikeville Garage") on the ramp between the third and fourth floors;

h.       With prior approval from the USPO, on or about June 1, 2017, **CONN** drove a black Toyota Highlander, which he himself had purchased, from Pikeville, Kentucky to Lexington, Kentucky;

5

i.      On or about June 1, 2017, **WYATT** drove the Suspect Vehicle from Pikeville, Kentucky to Lexington, Kentucky, delivering the Suspect Vehicle to **CONN**;

j.      On or about June 1, 2017, in Lexington, Kentucky, **WYATT** delivered to **CONN**, at **CONN's** direction, the Faraday bag mentioned above;

k.      On or about June 2, 2017, **WYATT** drove the black Toyota Highlander from Lexington, Kentucky to Pikeville, Kentucky and parked the same at the Pikeville Garage;

l.      On or about June 2, 2017, after **WYATT** returned the keys to the black Toyota Highlander to Unindicted Co-conspirator A, Unindicted Co-conspirator A sent to **CONN** a text message, which read: "The car thing is a done thing. I need to do something with what was sent back to me from the car. I don't have any place to put it";

m.      On or about June 2, 2017, in Lexington, Kentucky, **CONN**, without permission from the United States District Court or the USPO, severed the Monitoring Device from his ankle, and discarded it on the side of a highway in Faraday-bag-like material;

n.      From on or about June 2, 2017, and continuing through on or about June 3, 2017, **CONN**, without permission from the United States District Court or the USPO, drove the Suspect Vehicle to Columbus, New Mexico;

o.      From on or about June 2, 2017, and continuing through the return of this Indictment, **CONN**, without permission from the United States District Court or the USPO, has absented himself from his place of home incarceration, and has escaped custody.

6

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
### Escape
### (18 U.S.C. § 751(a))

16.     The factual allegations contained in paragraphs 1 through 11, and 14 through 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

17.     On or about June 2, 2017, in Fayette County, in the Eastern District of Kentucky, and elsewhere,

### ERIC CHRISTOPHER CONN

did knowingly escape and attempt to escape from custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, which custody was based on an arrest on a felony charge, to wit: **CONN** escaped from home confinement, which had been ordered by the United States District Court for the Eastern District of Kentucky upon **CONN** having been arrested pursuant to a warrant issued in connection with felony charges pending in *United States v. Eric Christopher Conn*, 5:16-CR-22 (E.D. Ky.) (J. Reeves) and *United States v. Eric Christopher Conn*, 5:17-CR-43 (E.D. Ky.) (J. Reeves), in violation of Title 18, United States Code, Section 751(a).

## COUNT 3
### Instigating, Aiding, Assisting Escape
### (18 U.S.C. § 752(a))

18.     The factual allegations contained in paragraphs 1 through 11, and 14 through 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

7

19.     Beginning in or around June 2016, the exact date being unknown to the Grand Jury, and continuing through June 2017, in Fayette, Floyd, and Pike Counties, in the Eastern District of Kentucky, and elsewhere,

## CURTIS LEE WYATT

did knowingly aid and assist **ERIC CHRISTOPHER CONN** to escape and attempt to escape from custody by virtue of any process issued under the laws of the United States by any court, judge, or commissioner, which custody was based on an arrest on a felony charge, to wit: **WYATT** assisted and aided **CONN** to escape from home confinement, which had been ordered by the United States District Court for the Eastern District of Kentucky upon **CONN** having been arrested pursuant to a warrant issued in connection with felony charges pending in *United States v. Eric Christopher Conn*, 5:16-CR-22 (E.D. Ky.) (J. Reeves) and in *United States v. Eric Christopher Conn*, 5:17-CR-43 (E.D. Ky.) (J. Reeves), in violation of Title 18, United States Code, Section 752(a).

## COUNT 4
## Conspiracy to Fail to Appear
## (18 U.S.C. § 371)

20.     The factual allegations contained in paragraphs 1 through 11, and 14 through 15 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

21.     Beginning at least as early as June 2016, the exact date being unknown to the Grand Jury, and continuing through on or about July 14, 2017, in Fayette, Floyd, and Pike Counties, in the Eastern District of Kentucky, and elsewhere,

8

## ERIC CHRISTOPHER CONN and
## CURTIS LEE WYATT

did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with other persons known, including Unindicted Co-Conspirator A, and unknown to the Grand Jury, among themselves and with each other to commit an offense against the United States, to wit: **CONN**, having been charged with and awaiting sentencing for a violation of Title 18, United States Code § 641, an offense punishable by imprisonment for five years or more, and having been released pursuant to Chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charge, for appearance before United District Court Judge Danny C. Reeves at 9:00 a.m. on July 14, 2017, for the purpose of being sentenced on the aforementioned charge, did knowingly and willfully fail to appear as required, in violation of Title 18, United States Code, Section 3146(a)(l).

### Overt Acts

22.     In furtherance of the conspiracy and to effectuate the object and purpose of the conspiracy, **CONN**, **WYATT**, and Unindicted Co-Conspirator A, and others known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, in addition to others, in the Eastern District of Kentucky, and elsewhere, to fail to appear and aid and assist in that failure to appear:

a.      On or about April 23, 2017, **WYATT**, at **CONN's** direction, exited the United States at the Nogales, Arizona pedestrian checkpoint, and entered Mexico for the purpose of assessing security procedures for individuals exiting the United States and entering Mexico;

   b.  On or about April 24, 2017, **WYATT**, at **CONN's** direction, exited the United States at the Columbus, New Mexico pedestrian checkpoint, and entered Mexico for the purpose of assessing security procedures for individuals exiting the United States and entering Mexico;

   c.  On or about May 10, 2017, **WYATT** purchased a white 2002 Dodge Ram pickup truck ("Suspect Vehicle") from a car seller in Somerset, Kentucky ("Seller"), paying $3,425 in cash;

   d.  On or about May 10, 2017, **WYATT** requested the Seller to register the Suspect Vehicle in the name of Disability Services, LLC at an address in Kalispell, Montana;

   e.  **CONN** ordered from an online retailer a Faraday bag for the purpose of concealing, blocking, and suppressing the electronic signals sent to or received by **CONN's** Monitoring Device which shipped on or about May 10, 2017, to **WYATT**'s address in Raccoon, Kentucky;

   f.  On or about May 17, 2017, **WYATT** downloaded an application to his cellular telephone to test the effectiveness of the Faraday bag;

   g.  After returning to the Seller to retrieve the Suspect Vehicle, on or about May 30, 2017, **WYATT** parked the Suspect Vehicle at the city parking garage in Pikeville, Kentucky ("Pikeville Garage") on the ramp between the third and fourth floors;

   h.  With prior approval from the USPO, on or about June 1, 2017, **CONN** drove a black Toyota Highlander, which he himself had purchased, from Pikeville, Kentucky to Lexington, Kentucky;

i.      On or about June 1, 2017, **WYATT** drove the Suspect Vehicle from Pikeville, Kentucky to Lexington, Kentucky, delivering the Suspect Vehicle to **CONN**;

j.      On or about June 1, 2017, in Lexington, Kentucky, **WYATT** delivered to **CONN**, at **CONN's** direction, the Faraday bag mentioned above;

k.      On or about June 2, 2017, **WYATT** drove the black Toyota Highlander from Lexington, Kentucky to Pikeville, Kentucky and parked the same at the Pikeville Garage;

l.      On or about June 2, 2017, after **WYATT** returned the keys to the black Toyota Highlander to Unindicted Co-conspirator A, Unindicted Co-conspirator A sent to **CONN** a text message, which read: "The car thing is a done thing. I need to do something with what was sent back to me from the car. I don't have any place to put it";

m.      On or about June 2, 2017, in Lexington, Kentucky, **CONN**, without permission from the United States District Court or the USPO, severed the Monitoring Device from his ankle, and discarded it on the side of a highway in Faraday-bag-like material;

n.      From on or about June 2, 2017, and continuing through on or about June 3, 2017, **CONN**, without permission from the United States District Court or the USPO, drove the Suspect Vehicle to Columbus, New Mexico;

o.      From on or about June 2, 2017, and continuing through the return of this Indictment, **CONN**, without permission from the United States District Court or the USPO, has absented himself from his place of home incarceration, and has escaped custody;

11

p.      On July 14, 2017, **CONN** failed to appear for his sentencing hearing scheduled before United States District Judge Danny C. Reeves at 9:00 a.m. as required by the Order.

All in violation of Title 18, United States Code, Section 371.

## COUNT 5
### Failure to Appear
### (18 U.S.C. § 3146(a)(1))

23.     The factual allegations contained in paragraphs 1 through 11, 14 through 15, and 22 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

24.     On or about July 14, 2017, in Fayette County, in the Eastern District of Kentucky and elsewhere,

### ERIC CHRISTOPHER CONN,

having been charged with and awaiting sentencing for a violation of Title 18, United States Code § 641, an offense punishable by imprisonment for five years or more, and having been released pursuant to Chapter 207 of Title 18, United States Code, in connection with the aforementioned criminal charge, for appearance before United District Court Judge Danny C. Reeves at 9:00 a.m. on July 14, 2017, for the purpose of being sentenced on the aforementioned charge, did knowingly and willfully fail to appear as required, in violation of Title 18, United States Code, Section 3146(a)(l).

## COUNT 6
### Aiding and Abetting Failure to Appear
### (18 U.S.C. §§ 3146(a)(1) and 2)

25.     The factual allegations contained in paragraphs 1 through 11, 14 through 15,
and 22 of this Indictment are realleged and incorporated by reference as though fully set
forth herein.

26.     Beginning in or around June 2016, the exact date being unknown to the
Grand Jury, and continuing through on or about July 14, 2017, in Fayette, Floyd, and Pike
Counties, in the Eastern District of Kentucky, and elsewhere,

### CURTIS LEE WYATT

did knowingly and willfully aid, abet, counsel, command, induce and procure the
commission by **ERIC CHRISTOPHER CONN** of the offense of failure to appear, as
required by the terms of **CONN's** release pending sentencing, as that offense is more
particularly described in Count 5, the language of which is incorporated herein by
reference, in violation of Title 18, United States Code, Sections 3146(a)(l) and 2.

## COUNT 7
### False Statements
### (18 U.S.C. § 1001(a)(2))

27.     The factual allegations contained in paragraphs 1 through 11, 14 through 15,
and 22 of this Indictment are realleged and incorporated by reference as though fully set
forth herein.

28.     On or about June 15, 2017, in Pike County, Kentucky, in the Eastern District
of Kentucky,

13

**CURTIS LEE WYATT,**

in a matter within the jurisdiction of the executive branch of the Government of the United States, that is an investigation into escape from federal custody, did knowingly and willfully make a materially false statement to Federal Bureau of Investigation ("FBI") Special Agent Orrin Ambrose, by telling Special Agent Ambrose that he drove the Suspect Vehicle to Lexington, Kentucky on June 1, 2017, for reasons unrelated to **CONN** and that he returned to Pikeville, Kentucky in **CONN's** black Toyota Highlander because the Suspect Vehicle had mechanical issues, when in fact, as he knew then, he drove the Suspect Vehicle to Lexington, Kentucky on June 1, 2017, at **CONN's** direction and left the Suspect

//

//

//

//

//

//

//

//

//

//

//

//

Vehicle in Lexington, Kentucky knowing the Suspect Vehicle did not have mechanical issues.

**A TRUE BILL**

**KENNETH A. BLANCO**
**ACTING ASSISTANT ATTORNEY GENERAL**
**CRIMINAL DIVISION**
**ATTORNEY FOR THE GOVERNMENT**


**DUSTIN M. DAVIS**
**TRIAL ATTORNEY**
**UNITED STATES DEPARTMENT OF JUSTICE**
**CRIMINAL DIVISION, FRAUD SECTION**


**ELIZABETH G. WRIGHT**
**TRIAL ATTORNEY**
**UNITED STATES DEPARTMENT OF JUSTICE**
**CRIMINAL DIVISION, MONEY LAUNDERING**
**AND ASSET RECOVERY SECTION**

## **PENALTIES**

**COUNT 1:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 2:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 3:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 4:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 5:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 6:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**COUNT 7:**    Not more than 5 years imprisonment, $250,000 fine, and 3 years supervised release.

**PLUS:**    Mandatory special assessment of $100 per count.

**PLUS:**    Restitution, if applicable.