UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | Criminal No. 5:17-cr-104-DCR-CJS-1 |
| ) | and |
| v. ) | Civil No. 5:19-cv-415-DCR-CJS |
| ) | |
| ERIC CHRISTOPHER CONN, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Eric Christopher Conn, *pro se*, has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. (R. 93). Pursuant to local practice, this matter has been referred to the undersigned for consideration and preparation of a Report and Recommendation under 28 U.S.C. § 636(b). After conducting a preliminary review of the motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, it will be recommended that the § 2255 motion be denied for lack of jurisdiction.

**I.    BACKGROUND AND ANALYSIS**

In the criminal matter (5:17-cr-104) underlying this § 2255 motion, Conn was indicted on the following four counts: Count 1 – conspiracy to escape, in violation of 18 U.S.C. § 371; Count 2 – escape, in violation of 18 U.S.C. § 751(a); Count 4 – conspiracy to fail to appear, in violation of 18 U.S.C. § 371; and Count 5 – failure to appear, in violation of 18 U.S.C. § 3146(a)(1). (R. 1, Page ID 3-12). This was not Conn's only criminal case. He had two others that are pertinent here: 5:16-cr-22 and 5:18-cr-59.

1

Conn was initially set for rearraignment in 17-cr-104 on May 25, 2018 (R. 58); however, he moved to continue the rearraignment because he and the Government "reached an agreement resolving cases 17-104 and 16-22" (R. 60). The agreement between the parties eventually extended to 18-cr-59—the plea agreement in that case providing that Conn would plead guilty to three counts of violating 18 U.S.C. § 371, and the Government would move to dismiss at sentencing the counts in 16-cr-22 and 17-cr-104. (Case No. 5:18-cr-59, R. 7). The plea agreement was effectuated, with the judgment in 18-cr-59 (R. 18 of that case) and orders in 16-cr-22 (R. 335 of that case) and 17-cr-104 (R. 73) noting that the counts in 16-cr-22 and 17-cr-104 were dismissed upon the entry of judgment in 18-cr-59.

When Conn filed his § 2255 motion in this case, 17-cr-104 (R. 93), he also listed 18-cr-59 (R. 37 of that case) in the caption. Accordingly, Conn has the same § 2255 motion pending in two different cases.

However, this Court does not have jurisdiction over the § 2255 motion in this case, 17-cr-104. Section 2255 applies only to "[a] prisoner *in custody* under sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a) (emphasis added); *see In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016) ("The sentence that matters in a habeas case . . . is the one 'pursuant to' which an individual is held 'in custody.'"); *Manzano v. United States*, No. CIV.A. 02-110-JBC, 2011 WL 5900802, at *2 (E.D. Ky. Nov. 22, 2011) ("Section 2255 requires that the person be 'in custody' under the conviction or sentence that she seeks to attack at the time she files her petition for relief."). Here, in 17-cr-104, the presiding District Judge never sentenced or imposed judgment against Conn; rather, the Court dismissed all counts of the indictment upon entry of the judgment in 18-cr-59. Because Conn has no sentence to attack in this case, the Court has no jurisdiction. *See United States v. Carlton Council*, No. 4:11 CR 101, 2012 WL 12871188, at *1 (N.D. Ohio

Apr. 17, 2012) ("A federal district court has jurisdiction to entertain a section 2255 motion only if the Defendant is under a sentence of a federal court. As this case has not yet been tried, no conviction has been rendered, and no sentence has been imposed, there is no remedy available to Mr. Council under 28 U.S.C. § 2255.").

**II.     CONCLUSION AND RECOMMENDATIONS**

For the reasons stated above, **IT IS RECOMMENDED** that:

1) Conn's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (R. 93) **be denied** for lack of jurisdiction; and

2) this action **be stricken** from the active docket.

The parties are directed to 28 U.S.C. § 636(b)(1) for appeal rights and mechanics concerning this Report and Recommendation, issued under subsection (B) of the statute. *See also* Rule 8(b), Rules Governing Section 2255 Proceedings for the United States District Courts. Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Judge and Sixth Circuit Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981).

Dated this 31st day of October, 2019.



Signed By:
*Candace J. Smith*
**United States Magistrate Judge**

J:\DATA\habeas petitions\2255 prelim review\17-104-DCR Conn R&R final.docx