UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal Action No. 5: 17-104-DCR |
| Plaintiff/Respondent, ) | And |
| ) | Civil Action No. 5: 19-415-DCR |
| V. ) | |
| ) | |
| ERIC CHRISTOPHER CONN, ) | **MEMORANDUM ORDER** |
| ) | |
| Defendant/Movant. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Defendant Eric Christopher Conn has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. [Record No. 93] The matter was referred to United States Magistrate Judge Candace J. Smith for issuance of a Report and Recommendation in accordance with 28 U.S.C. § 636(b). After conducting a preliminary review, Magistrate Judge Smith recommended that the motion be denied for lack of jurisdiction. [Record No. 95]

This Court conducts a *de novo* review of those portions of the Magistrate Judge's recommendation to which objections are made, 28 U.S.C. § 636(b)(1)(C), but "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Conn has not filed any timely objections to Magistrate Judge Smith's Report and Recommendation. Nevertheless, the Court has examined the record and, having conducted a *de novo* review of the matter, agrees

with Magistrate Judge Smith that the Court lacks jurisdiction to review Conn's §2255 petition in this case.

Conn was a defendant in several criminal cases, including Lexington Criminal Action No. 5: 17-104-DCR, Lexington Criminal Action No. 5: 16-22-DCR, and Lexington Criminal Action No. 5: 18-59-DCR. His criminal conduct arose from a wide-spread Social Security fraud scheme and his subsequent attempt to flee the jurisdiction. In this case (Lexington Criminal Action No. 5: 17-104-DCR), Conn was charged with conspiracy to escape in violation of 18 U.S.C. § 371, escape in violation of 18 U.S.C. § 751(a), conspiracy to fail to appear in violation of 18 U.S.C. § 371, and failure to appear in violation of 18 U.S.C. § 3146(a)(1). Conn reached an agreement to plead guilty in Lexington Criminal Action No. 5: 18-59-DCR and, upon entry of the judgment, the charges in Lexington Criminal Action No. 5: 16-22-DCR and Lexington Criminal Action No. 5: 17-104-DCR were dismissed. Conn recently filed the same § 2255 petition in both Lexington Criminal Action No. 5: 18-59-DCR and Lexington Criminal Action No. 5: 17-104-DCR.

A defendant can move to collaterally attack his sentence if he is "in custody under a sentence of a court established by Act of Congress." 28 U.S.C. § 2255(a). A defendant is required to be "in custody" for the conviction or sentence under attack at the time he files a habeas petition. *Maleng v. Cook*, 490 U.S. 488, 491 (1989); *see also United States v. Council*, No. 4:11 CR 101, 2012 U.S. Dist. LEXIS 53732, at *6 (N.D. Ohio Apr. 17, 2012) ("As this case has not yet been tried, no conviction has been rendered, and no sentence has been imposed, there is no remedy available to [the defendant] under 28 U.S.C. § 2255."); *Manzano v. United States*, No. 02-110-JB5532, 2011 U.S. Dist. LEXIS 135532, *4-5 (E.D.

Ky. Nov. 22, 2011). Here, as Magistrate Judge Smith correctly explains, there is no conviction or sentence in this case for Conn to attack, vacate, or set aside. Accordingly, the Court lacks jurisdiction to entertain his § 2255 petition in this case.

A Certificate of Appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 28 U.S.C. § 2253(c)(2). When the denial of a motion filed under § 2255 is based on a procedural ruling, the defendant must demonstrate that reasonable jurists would find it debatable whether the district court was correct in its ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Reasonable jurists would not find this Court's procedural finding fairly debatable. Accordingly, it is hereby

**ORDERED** as follows:

1. The Magistrate Judge's Report and Recommendation [Record No. 95] is **ADOPTED** and **INCORPORATED** by reference.

2. Defendant/Movant Eric Conn's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 [Record No. 93] is **DENIED**. His claims are **DISMISSED**, with prejudice, and **STRICKEN** from the Court's docket.

3. A Certificate of Appealability will not issue.

Dated: November 19, 2019.



Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky